UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERSON COMMUNITY HEALTH CARE CENTERS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-12910** |
| **JEFFERSON PARISH GOVERNMENT, et al.** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Defendants'[1] "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim."[2] In this matter, Plaintiff Jefferson Community Health Care Centers, Inc. ("JCHCC") has sought to enjoin the enforcement of two resolutions passed by the Jefferson Parish Council declining to renew Cooperative Endeavor Agreements that Jefferson Parish had with Plaintiff in two locations, Marrero and River Ridge, Louisiana. JCHCC moved for a preliminary injunction when it filed its complaint on July 18, 2016,[3] which the Court granted in part and denied in part on July 26, 2016.[4]

On July 22, 2016, Defendants filed the instant motion.[5] Therein, Defendants argue that JCHCC's complaint should be dismissed because: (1) members of the Jefferson Parish Council

---

[1] Defendants include Parish of Jefferson (incorrectly referred to as "Jefferson Parish Government"); the Jefferson Parish Council; Ricky J. Templet, in his official capacity as Councilman for District 1; Paul D. Johnston, in his official capacity as Councilman for District 2; Mark D. Spears, in his official capacity as Councilman for District 3; E. "Ben" Zahn, III, in his official capacity as Councilman for District 4; Jennifer Van Vrancken, in her official capacity as Councilwoman for District 5; Christopher L. Roberts, in his official capacity as Councilman-at-Large for Division A; and Cynthia Lee-Sheng, in her official capacity as Councilwoman-at-Large for Division A.

[2] Rec. Doc. 19.

[3] Rec. Doc. 2.

[4] Rec. Doc. 25.

[5] Rec. Doc. 19.

1

have absolute legislative immunity from JCHCC's claims; (2) JCHCC's § 1983 and § 254b claims fail as a matter of law because JCHCC has failed to allege any facts establishing the existence of any protected right denied to JCHCC by the Parish of Jefferson; and (3) JCHCC's § 254b claims fail as a matter of law because the Public Health Service Act does not establish a private right of action in favor of JCHCC, and the Act does not preempt the resolutions at issue in this matter.[6]

On August 9, 2016, JCHCC filed an opposition, in which it asserted that pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), it had a right to file an amended complaint as a matter of course within 21 days of the filing of Defendants' Rule 12(b)(6) motion, or August 12, 2016.[7] According to JCHCC, amending its complaint would render moot the pending motion to dismiss, and therefore this Court should deny Defendants' motion after JCHCC files its amended complaint.[8] On August 10, 2016, Defendants sought leave to file a reply memorandum, which the Court granted.[9] Therein, Defendants argue that JCHCC had failed to address any of their arguments in its opposition, and therefore the Court should grant Defendants' motion and dismiss all claims with prejudice.[10] On August 12, 2016, JCHCC filed its amended complaint.[11] The amended complaint adds two plaintiff parties, substantially revises its initially pleaded causes of action, and adds new ones, including claims for breach of contract and a violation of substantive

---

[6] Rec. Doc. 19 at 1–2.

[7] Rec. Doc. 34 at 4.

[8] *Id.* at 5.

[9] Rec. Doc. 40.

[10] *Id.* at 1–2.

[11] Rec. Doc. 38.

2

due process.[12]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[13] As JCHCC has noted, many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[14] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[15] Here, given the substantive changes to JCHCC's initial claims, the addition of two new plaintiffs to the proceedings, and the addition of new causes of action, the Court concludes that, should Defendants wish to challenge the amended complaint, it would be more efficient for the Court to consider any arguments regarding dismissal in a motion that is better tailored to the causes of action and parties

---

[12] *Id.*

[13] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[14] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[15] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

3

now pending in this matter. Accordingly,

      **IT IS HEREBY ORDERED** that Defendants' "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim"[16] is **DENIED AS MOOT.**

      **NEW ORLEANS, LOUISIANA**, this 22nd day of August, 2016.

                                          _____
                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[16] Rec. Doc. 19.